UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON ALAIN MURDOCK,<br>*Plaintiff*, | |
| v. | No. 3:23-cv-00063 (JAM) |
| SCOTT D. ROSEN *et al.*,<br>*Defendants*. | |

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PERMANENT INJUNCTION, AND EMERGENCY HEARING**

The plaintiff has moved for emergency relief to block enforcement of a state court judgment of strict foreclosure. Because he has not established a likelihood of success, I will deny his motion for a temporary restraining order, a permanent injunction, and an emergency hearing.

### BACKGROUND

Plaintiff Jason Alain Murdock is a defendant in foreclosure proceedings before the Connecticut Superior Court concerning certain property at 212 Old Mill Road in Greenwich, Connecticut.[1] On November 30, 2022, the Superior Court issued a judgment of strict foreclosure on the property.[2] The state court docket reflects ongoing ejectment and deficiency judgment proceedings.

On January 19, 2023, Murdock filed a *pro se* complaint in this Court against various defendants who have been involved in the state court foreclosure proceedings—including a bank, a law firm and one of its attorneys, a property management company, and a state court judge.[3] Murdock claims that he never received the property deed and that the bank forged a promissory

---

[1] *Wilmington Savings Fund Soc'y, FSB v. Old Mill Dev., LLC*, FST-CV19-6039728-S (Conn. Super. Ct.), available at https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=FSTCV196039728S (last accessed April 19, 2023).
[2] Order, *Wilmington Savings Fund*, FST-CV19-6039728-S, Doc. #155.02. For the purpose of determining whether the *Rooker-Feldman* doctrine bars this federal action, the Court may take judicial notice of these proceedings before the Connecticut state court. *See, e.g.*, *Swiatkowski v. Citibank*, 446 F. App'x 360, 361 (2d Cir. 2011).
[3] *See* Doc. #1. Murdock has since amended his complaint to add several more defendants. *See* Doc. #15.

1

note in his name.[4] He alleges several federal and state causes of action: wrongful foreclosure, breach of contract, forgery, violation of the federal Fair Debt Collection Practices Act, negligent or reckless conduct, violation of due process rights under § 1983, intentional and negligent infliction of emotional distress, and criminal conspiracy.[5]

Murdock has also moved for a temporary restraining order (TRO), a permanent injunction, and an emergency hearing.[6] He wants this Court to enjoin the defendants to cease their foreclosure and eviction efforts, to vacate or moot the Superior Court's judgments on the ground that the state court lacks jurisdiction, and to "order[] the forcible entry and detainer dismissed with prejudice."[7]

## DISCUSSION

A temporary restraining order is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Reidy*, 477 F. Supp. 2d 472, 474 (D. Conn. 2007) (quoting *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005)).[8] The same legal standard governs motions for temporary restraining orders and motions for preliminary injunctions. *See Lazor v. Univ. of Conn.*, 560 F. Supp. 3d 674, 677 (D. Conn. 2021). Accordingly, a party seeking a temporary restraining order "must generally show a likelihood of success on the merits, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that an injunction is in the public interest." *Am. Civil Liberties Union v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015).

---

[4] Doc. #1 at 3–4; Doc. #15 at 3–4.
[5] Doc. #1 at 1–12; Doc. #15 at 5–12.
[6] Doc. #2.
[7] *Id*. at 1–2; 10.
[8] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

I will deny the motion for a temporary restraining order because Murdock has not shown a likelihood of success as to his challenge to the validity of the foreclosure judgment or to its enforcement in ongoing state court proceedings. It appears highly likely that the temporary relief that Murdock now seeks is precluded by the *Rooker-Feldman* doctrine, which bars federal district courts from hearing "cases that function as *de facto* appeals of state-court judgments." *Sung Cho v. City of N.Y.*, 910 F.3d 639, 644 (2d Cir. 2018). The Second Circuit, for example, has applied the *Rooker-Feldman* doctrine to bar review of a Connecticut state court foreclosure judgment to the extent that a plaintiff asked a federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (*per curiam*).

For the *Rooker-Feldman* doctrine to apply, "(1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Sung Cho*, 910 F.3d at 645. Each of these factors appears to apply here. Murdock lost in Connecticut court; he was allegedly injured by the foreclosure judgment; he is now explicitly asking me to vacate that judgment; and the foreclosure judgment was issued two months before he filed this lawsuit. *See, e.g., Smith v. Bendett & McHugh, P.C.*, 2023 WL 372784, at *4 (D. Conn. 2023) (dismissing challenge to foreclosure judgment under the *Rooker-Feldman* doctrine).

Because it appears that the *Rooker-Feldman* doctrine divests this Court of jurisdiction to consider any challenge by Murdock to the state court foreclosure judgment, I will deny his requests for a temporary restraining order and an emergency hearing. *See, e.g., Jones v. Grisanti*,

3

2022 WL 705297, at *2 (W.D.N.Y. 2022) (denying motion for a TRO and an emergency hearing in a foreclosure action because of the *Rooker-Feldman* doctrine).

Murdock also seeks a permanent injunction against the defendants. But a plaintiff must show actual success on the merits to obtain permanent injunctive relief. *See N.Y. C.L. Union v. N.Y. City Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2012). In light of the *Rooker-Feldman* doctrine and the fact that this case is still at the pleading stage, Murdock has not yet made this showing. I will therefore deny Murdock's request for a permanent injunction.

## CONCLUSION

For the reasons set forth above, the Court DENIES the plaintiff's motion for a temporary restraining order, permanent injunction, and emergency hearing (Doc. #2).

It is so ordered.

Dated at New Haven this 19th day of April 2023.

                                                                                  /s/ ***Jeffrey Alker Meyer***
                                                                                  Jeffrey Alker Meyer
                                                                                  United States District Judge